IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLEOTHER TIDWELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | CIVIL NO. 3:16-cv-00384-SMY |
| **MENARD C.C.,** ) | |
| **WARDEN BUTLER,** ) | |
| **LAW LIBRARY STAFF,** ) | |
| **JENNIFER CLENDENIN,** ) | |
| **MORGAN TEAS,** ) | |
| **JANE DOE, and** ) | |
| **MR. SHANE GREGSON,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Cleother Tidwell is currently incarcerated at Menard Correctional Center ("Menard"). Proceeding *pro se*, Tidwell has instituted this action pursuant to 42 U.S.C. § 1983 against Menard employees for improper interference with his outgoing legal mail and access to legal materials. (*Id.* at 7.) He seeks monetary and injunctive relief. (*Id.* at 8.)

This matter is now before the Court for a preliminary review of Tidwell's Complaint, pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b)(1)-(2).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Tidwell's Complaint fails to state a claim on which relief may be granted. The statement of claim lacks any specificity, stating merely that members of Menard's law library review the letters he sends to his attorneys and that they have refused to provide him with envelopes multiple times. (*Id.* at 7.) The pleading fails to provide enough factual content to allow the Court to find that any of the named-defendants are liable for committing a constitutional violation. The body of the Complaint does not, for example, state when Tidwell was denied envelopes and who specifically was responsible for such denials in each instance. Accordingly, Tidwell's Complaint must be dismissed and he must file an amended complaint that states a plausible claim for relief.

Tidwell would do well to follow the instructions on page 5 of the Court's civil rights complaint form, which instructs him to "[s]tate . . . as briefly as possible, *when*, *where*, *how*, and *by whom* you feel your constitutional rights were violated." (emphasis added) He should be cognizant in drafting his amended complaint that whether or not it survives threshold review is dependent on his ability to state a plausible claim for relief. To do this in the context of an access to courts claim (of which denial of legal materials and interference with legal mail claims are considered), Tidwell must demonstrate that a non-frivolous claim has been frustrated or impeded by the defendants' actions. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996).

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, in order to proceed with this action, Plaintiff is **DIRECTED** to submit his First Amended Complaint within 35 days of the entry of this order (on or before **June 6, 2016**). He should label the form First Amended Complaint, and he should use the case number for this action. In drafting the amended complaint, Plaintiff should state, in chronological order, what happened to him that constituted a deprivation of his constitutional rights, and who was personally involved.

An amended complaint supersedes the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with

prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint. In order to assist Plaintiff in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 29, 2016**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**