# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEOTHER TIDWELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JENNIFER CLENDENIN, ) <br> MORGAN TEAS, and ) <br> MR. SHANE GREGSON, ) <br> ) <br> Defendants. ) <br> ) | Case No. 16−cv–0384−SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Cleother Tidwell is currently incarcerated in Lawrence Correctional Center. This matter is before the Court on Plaintiff's "Motion to Show Cause" (Doc. 39), filed in response to the Court's Show Cause Order. (Doc. 31). Additionally, Plaintiff has four pending motions that require attention. (Docs. 32, 40, 41 and 42). For the reasons set forth herein, Plaintiff will be sanctioned with a fine *and* a filing ban. Plaintiff's pending motions (Docs. 32, 40, 41 and 42) are **DENIED**.

### Background

Plaintiff is a frequent litigator in the federal courts, having initiated twenty other actions in Illinois District Courts since 1996. His pleadings, briefs and oral argument are often replete with irrelevant, inflammatory and offensive commentary. *See e.g.,* Case No. 16-cv-41-MJR-SCW Doc. 56, p. 27 (asking a witness on proper dental care: "If I catch AIDS, would you then say to me, Look you're gay, you got it from homosexual sex, you're going to die?"); Case No.

16-cv-384, Doc. 22, pp. 10-11 (presenting "rhetorical questions" about serial rapists, prisoners who "bang little boys in the butt," "booty bandits" and suggesting that Plaintiff should "grab some Vaseline"); Case No. 10-cv-974-JPG, Doc. 194 ("Obvious Objection" accusing the presiding judge of having an improper sexual relationship with one of the attorney generals representing the defendants in Plaintiff's § 1983 suit). Plaintiff is particularly fond of injecting inappropriate and vulgar hypotheticals into his argument. *See e.g.,* Case No. 16-cv-41-MJR-SCW, Doc. 21 (presenting a "hyperbolic [sic] illustration" describing the rape of a 19 year old girl in order to argue that the denial of his TRO regarding dental care was unjust); Case No. 16-cv-384-SMY, Doc. 25, p. 34 (hypothetical pertaining to conjugal visits). On more than one occasion, Plaintiff has disparaged the undersigned directly and/or by including thinly veiled provocative statements and hypotheticals in his pleadings. *See e.g.,* Case No. 16-cv-595-SMY, Doc. 8 (satire regarding "judge Yancy" and a sexual harassment allegation from an "Amanda Lickalot."); Case No. 16-cv-595-SMY, Doc. 14 ("Notice" regarding "How to Appeal a[n] Obstinate Judge"); Case No. 16-cv-384-SMY, Doc. 28 ("Court Update" addressing the undersigned judge as "mean lady," repeatedly calling the undersigned judge "bogish," and commenting on newspaper articles mentioning the undersigned judge); Case No. 16-cv-384-SMY, Doc. 22, p. 8 ( "SMY is doing her own thang on the bench, it seems I shouldn't be surprised. My grandmother would've sighed and said 'that's how Black folks act when dey get a lil sumtin' rest in peace grandma. I got this one."); Case No. 16-cv-384-SMY, Doc. 25 (hypothetical involving attorney "SMY" wherein Plaintiff says (to attorney "SMY"): "Look here you dark colored negro wearing those 2 (cheap) diamond studded earrings my name is not steppin fetchit, it is your job-not mine to locate the named witnesses I gave you that were present

at the hair salon…"); Case No. 16-cv-384-SMY, Doc. 25, pp. 37-39 (insulting commentary directed at the undersigned judge).

Plaintiff has been warned 3 times about his inappropriate and abusive filings. Two of the warnings were issued by the undersigned who expressly advised Plaintiff that if he continued to file frivolous and abusive pleadings, he would be subject to monetary sanctions and filing bans. *See Tidwell v. Butler et al.,* Case No. 16-595-SMY (Doc. 11, p. 6); *Tidwell v. Butler et al.,* Case No. 16-595-SMY (Doc. 15, p. 2).

Undeterred, On June 2, 2017, Plaintiff filed an abusive and frivolous pleading in the instant action ("Rule 54(b) Motion"). (Doc. 27). The Rule 54(b) Motion, filed after the Court vacated its dismissal of the First Amended Complaint and while Plaintiff's Second Amended Complaint was on file and pending 1915(A) review, raised objections to the Court's dismissal of Plaintiff's original Complaint and First Amended Complaint.[1] Thus, Plaintiff's motion, complaining about a vacated dismissal order, was patently frivolous. Moreover, the motion included disparaging commentary directed at the Court. Accordingly, the Court ordered Plaintiff to show cause why he should not be sanctioned and subjected to a filing ban. (Doc. 31).

### **Preliminary Matter - Second Rule 54(b) Motion**

The same day the Court docketed the Show Cause Order, Plaintiff filed a second Rule 54(b) Motion. Plaintiff asserts that he is filing the motion to preserve for appeal the fact that the "good lady" in the Southern District of Illinois issued a "B-O-G-I-S-H" ruling. (Doc. 32). Once again, it appears that Plaintiff is raising objections to a vacated order of dismissal. Additionally, Plaintiff states he is filing the motion as a preemptory challenge to the Court's "forthcoming

---

[1] Plaintiff was clearly aware of the status of the litigation. He filed a Second Amended Complaint as directed by the Court. (Docs. 23, 25). Additionally, he filed a Notice (Doc. 24) acknowledging that the Court had reopened the case and was allowing Plaintiff to file a Second Amended Complaint.

dismissal" of Plaintiff's Second Amended Complaint. (Doc. 32, p. 3). The pleading includes Plaintiff's trademark disrespectful commentary. (*See* Doc. 32, p. 2 (the "good lady in the Southern District" is "one mean sister"); Doc. 32, p. 3 ("so mean lady in the Southern District"); Doc. 32, p. 3 (accusing the Court of giving "a wink & a nod to Menard prison"); Doc. 32, pp. 3-5 (giving the Court a "pop quiz" on how "real judges" are supposed to review certain types of claims and closing the motion with a hyperbolic class of students yelling "YOU! BOGISH!" at the undersigned judge)).

Filing a motion attacking a vacated order of dismissal is frivolous. Raising a preemptive argument disputing a nonexistent order is also frivolous.[2] Plaintiff's disrespectful and sarcastic commentary is unnecessary and inappropriate. Meritless motion practice such as this has "[a significant] cumulative effect in clogging the process of the court and in burdening judges and staff to the detriment of litigants having cases." *International, Inc. v. Mack*, 45 F.3d 185, 185 (7th Cir. 1995). For these reasons, Plaintiff's **Rule 54(b) Motion** (**Doc. 32**) is **DENIED** without further review.

### Show Cause Response and Issuance of Sanctions

In reviewing Plaintiff's response to the Court's Order to Show Cause (Doc. 39), it is immediately evident that Plaintiff does not take the Court's Show Cause Order seriously and has no regrets about his prior vexatious pleadings. He opens his responsive pleading by addressing the undersigned judge as "My Dear" and explains that the salutation is taken from a song written by Marvin Gaye about his ex-wife. (Doc. 39, p. 1). Plaintiff's response (which he describes as the "Show Cause *or else*" order) (emphasis added) is peppered with sarcastic and disrespectful commentary directed the undersigned. (*See* Doc. 39, p. 2 (stating "hell hath no fury like a

---

[2] As it turned out, the "forthcoming dismissal" Plaintiff predicted did not come to fruition. The same day the motion was filed, the Court entered an order referring Plaintiff's Second Amended Complaint for further review. (Doc. 30).

wom[a]n scorned," in connection to the Court's threat to sanction Plaintiff); Doc. 39, p. 4 (suggesting that the undersigned judge is "thin skinned" and lacks common sense); Doc. 39, p. 4 (stating "You remind me of the line in Shakespeare "the lady doth protest to[o] much."); Doc. 39, p. 4 (offering to withdraw everything the Court "tripped about" and stating "I hope it makes you happy").

Plaintiff's substantive response to the Court's Show Cause Order is buried in the middle of this nonsense. Distilled to its essence, Plaintiff contends that it would be wrong to sanction him for repeating "corny" phrases he heard from the "old folks" when he was growing up or for "talking country," particularly without "firing a warning shot." (Doc. 39, pp. 3-4). This is a gross misrepresentation of Plaintiff's litigation history. The Court is not considering sanctions because Plaintiff talks "country." Rather, as Plaintiff is well aware, the Court is considering sanctions because – despite receiving prior "warning shots" – Plaintiff continues to submit meritless pleadings that contain disrespectful and inappropriate commentary. *See In re Mann*, 229 F.3d 657, 659 (7th Cir. 2000) (warning *pro se* litigant that abusive and disparaging language could result in sanctions); *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997) (finding that courts have inherent authority to protect themselves from vexatious litigation and imposing a $500 fine and entering a filing ban pursuant to *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir.1995)).

Enough is enough. Plaintiff's pattern of conduct demonstrates that he has no compunction for filing meritless and disrespectful pleadings. His cavalier response to the Show Cause Order convinces the Court that sanctions are necessary in order to prevent further frivolous and harassing filings in this Court. The Court is also persuaded that monetary

sanctions alone are unlikely to deter future misconduct. Accordingly, Plaintiff will be sanctioned with a fine *and* a filing ban as set forth in the Disposition below.

### Additional Pending Motions

Plaintiff has filed a **Motion for Extension of Time** (**Doc. 40**) referencing a deadlines of June 28, 2017 and July 24, 2017. Plaintiff's concern with respect to these deadlines appears to be the need to obtain a trust fund account statement in support of an IFP Motion. A review of the docket reveals that Plaintiff's trust fund account statement is on file. (Doc. 2). Therefore, Plaintiff's **Motion for Extension of Time** (**Doc. 40**) is **DENIED** as unnecessary.[3] The Court notes, however, that Plaintiff still has not filed an IFP Motion or paid the filing fee for the instant action. As a result, this action remains subject to dismissal for failure to comply with prior court orders and/or for want of prosecution under Federal Rule of Civil Procedure 41(b).

Plaintiff has also filed a **Motion for Offer to Settle** (**Doc. 41**) in which he states that he will agree to consent to having the case proceed before a magistrate judge if the Court agrees to a settlement. Obviously, the Court cannot agree to a settlement on behalf of the defendants. Moreover, the decision to consent to having the case proceed before a magistrate judge is not a bartering chip; it is a voluntarily decision to be made by each party. Accordingly, the **Motion for Offer to Settle** (**Doc. 41**) is **DENIED**.

Finally, Plaintiff has filed a **Motion for Preliminary Injunction**. (**Doc. 42**). The instant case involves alleged constitutional violations committed by officials at Menard Correctional Center ("Menard"). (Doc. 25). Specifically, Plaintiff alleges that officials at Menard violated his

---

[3] The Court is partly to blame for this confusion. In its referral order (Doc. 30), the Court advised Plaintiff that he had until July 24, 2017 to file an IFP Motion or pay the filing fee. The Court also instructed Plaintiff to file a trust fund account statement. However, further review of the docket reveals that a trust fund account statement is on file. (Doc. 2). Plaintiff, however, still has not filed an IFP Motion or paid the filing fee.

rights by reading and censoring his outgoing legal mail.  Plaintiff is presently housed at Lawrence Correctional Center ("Lawrence").  Plaintiff's motion also asserts that an official at Lawrence (Heather Cecil) recently read Plaintiff's outgoing legal mail.  Plaintiff asks the Court to issue a preliminary injunction directed at Heather Cecil.  But Heather Cecil is not a defendant in this case.  To the Court's knowledge, Plaintiff does not currently have an action proceeding against Heather Cecil.  Plaintiff cannot seek injunctive relief against this individual without first initiating a lawsuit against her.  Accordingly, Plaintiff's **Motion for Preliminary Injunction** (**Doc. 42**) is **DENIED**.

### Disposition

**IT IS HEREBY ORDERED** that Cleother Tidwell is **SANCTIONED** with a **$500** fine, to be paid before any other civil litigation will be filed.  This fine is in addition to any other filing fees owed to this District.  The Clerk of Court is **DIRECTED** to return all civil pleadings unfiled until the sanction is paid, and all habeas corpus filings will be summarily dismissed thirty days after filing, unless otherwise ordered by the Court.  Documents submitted in connection with an appeal are excluded from the sanction.

**IT IS FURTHER ORDERED** that Plaintiff's pending motions (Docs. 32, 40, 41, and 42) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  August 10, 2017**

s/ Staci M. Yandle
**United States District Judge**
