IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEOTHER TIDWELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-cv-384-SMY-RJD |
| MENARD C.C., *et al.*, | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court *sua sponte* for case management. On August 10, 2017, the undersigned sanctioned Plaintiff Cleother Tidwell, subjecting him to a filing ban in this District ("Filing Ban") (Doc. 43). The Filing Ban states as follows:

> Cleother Tidwell is **SANCTIONED** with a $500 fine, to be paid before any other civil litigation will be filed. This fine is in addition to any other filing fees owed to this District. The Clerk of Court is **DIRECTED** to return all civil pleadings unfiled until the sanction is paid, and all habeas corpus filings will be summarily dismissed thirty days after filing, unless otherwise ordered by the Court. Documents submitted in connection with an appeal are excluded from the sanction.

(Doc. 43, p. 7).[1] The Filing Ban prohibits Tidwell from filing any papers in any civil litigation in this District, regardless of when the case was filed, and prohibits Tidwell from pursuing new civil litigation in this District. The only exceptions are for applications for writs of habeas corpus and documents submitted in connection with an appeal.

---

[1] Tidwell appealed the ban, *see Tidwell v. Clendenin,* App. No. 17-3020, but the Seventh Circuit denied his Motion for Leave to Appeal *in Forma Pauperis* after finding that the appeal was taken in bad faith. (Doc. 17, Appellate Case). The appeal was later dismissed for failure to pay the filing fee. (Doc. 20, Appellate Case).

The Seventh Circuit Court of Appeals has indicated that filing bans should not be perpetual. *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Accordingly, if a restricted filer, despite his or her best efforts, is unable to pay all outstanding fees and sanctions within two years, he or she is typically allowed to request that the filing ban be rescinded or modified. *Id.* Consistent with this precedent, the Court would have allowed Tidwell to file a motion of this nature any time after August 10, 2019. Since the Filing Ban was imposed, however, Tidwell has continued to submit harassing pleadings to the Court and has attempted thwart the Filing Ban on at least six occasions, resulting in additional sanctions. *See e.g., Tidwell v. R.M. Hopkins*, No. 3:19-cv-239-NJR, Doc. 9. The most recent sanction, an additional $500.00 fine, was issued on February 26, 2019. *Id.*

Because Tidwell continues to engage in abusive litigation practices, and because there is no indication that he has made any attempt to pay his outstanding fees and sanctions, the Court sees no reason to rescind or modify the Filing Ban at this time. Accordingly, Tidwell is **ADVISED** that the Filing Ban remains in place. He may seek modification or rescission of the Filing Ban by filing a motion in this Court *<u>no earlier</u>* than February 26, 2021 (two years from Tidwell's most recent sanction for continued vexatious litigation and for attempting to avoid the Filing Ban).

**IT IS SO ORDERED.**

**DATED: 11/18/2019**　　　　　　　　　　　　　　s/ Staci M. Yandle  
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**