IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEOTHER TIDWELL, #N41754, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:16-cv-00384-SMY |
| ) | |
| JENNIFER CLENDENIN, ) | |
| MORGAN TEAS, and ) | |
| SHANE GREGSON ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Motion for Sanctions filed by Defendants Jennifer Clendenin, Morgan Teas, and Shane Gregson. (Doc. 103). Defendants seek dismissal of this case pursuant to Federal Rule of Civil Procedure 37 and the Court's inherent authority to sanction misconduct for Plaintiff's behavior during his deposition. Defendants Motion for Summary Judgment (Doc. 104) is also before the Court for consideration.

## Motion for Sanctions

### Background

During his deposition taken on May 13, 2019, Plaintiff expressed his unhappiness with the objections Defendants made to his written discovery requests and stated "what's good for the goose is good for the gander." (Doc. 103-1, Deposition of Cleother Tidwell at 43:6-46:2). He then proceeded to parrot those objections –refusing to answer simple questions with simple answers:

> Q. Okay. So since you didn't think the deposition was occurring today, are you willing to proceed anyway?

1

>A. Oh, okay. Let's try this. I object to the question, "are you ready to proceed with the deposition." That's what you just asked me, right?
>Q. That was my question. Yes.
>A. So having -- hold on. Subject to and without waiver of said objection, plaintiff will proceed.
>Q. Okay. So you're going to proceed today and you're okay with that?
>A. I object to the word "okay with that." Moreover, plaintiff objects to this as improper, pursuant to federal and state due process, both procedure and substantive. Subject to and without waiver of the said objection, claimant will proceed.
>Q. Okay. Do you object to the deposition in general, or do you object to taking it today?
>A. Plaintiff objects to the extent of the phrase "today" because it calls for a legal conclusion. Subject to and without waiver of said objection, plaintiff will proceed.
>Q. Can you tell me why the term "today" calls for a legal conclusion?
>A. Repeat the question.
>Q. I said, can you explain to me why you think the term "today" calls for a legal conclusion?
>A. After reasonable inquiry, plaintiff lacks the knowledge or education sufficient to define -- what is the word you just said?
>Q. Today.
>A. "Today."
>Q. Okay. What's your definition of the word "today"?
>A. Plaintiff objects to the extent defining "today" calls for an academic conclusion.
>Q. Okay. Are you willing to proceed with this deposition that is occurring right now that you are sitting in the room for?
>A. Subject to and without waiver of said objection, plaintiff will proceed.

(*Id.* at 6:10-8:2).

>Q. Okay. Do you have any questions about the deposition before we get started?
>A. Do I have any questions?
>Q. Yeah. Do you have any questions about the procedure of the deposition?
>A. Repeat the question.
>Q. Do you have any questions procedurally about this deposition before we get started?
>A. Plaintiff objects to this question as vague regarding defendant's use of the term "procedurally." Subject to and without waiver of said objection, plaintiff does have -- damn. Repeat the question.
>Q. Okay. Do you have any questions about how this deposition is going to proceed?
>A. Okay. Plaintiff objects to this question as vague regarding the defendant's use of the term "proceed." Subject to and without waiver of said objection, plaintiff does have questions about "procedurally."
>Q. Okay. What are you questions?
>A. See, it's going to -- watch how smooth this goes after I get my beef off my chest.

(*Id.* at 12:2-23).

2

> Q. So I can just confirm that you're objection is to the fact that you're having your deposition taken, is that correct?
> A. Tara Barnett is vague and unclear concerning -- whatever it was you just said, thereby preventing plaintiff from admitting or denying.

(*Id.* at 14:12-17 ).

> Q. … So I'm going to ask you, are you taking any medications today, Mr. Tidwell?
> A. Tara Barnett's question, "are you taking any medications today," is vague and unclear concerning medications, thereby preventing plaintiff from admitting or denying.

(*Id.* at 15:7-12).

> Q. Okay. So to save us both some time, why don't we have the record that the court reporter is taking down reflect that you have a running objection to all of my questions. That way you won't need to restate your objection. We will just have it on the record that you objecting to all of the questions.
> A. So if I understand you correctly, you want to me to save you time when I have eight years of time to answer the questions.

(*Id.* at 13-22).

> Q. … How far did you go in school?
> A. Define school.
> Q. Formal education. How far did you attend formal schooling?
> A. Define formal schooling.
> Q. Okay. Mr. Tidwell, did you go to school as a child?
> A. After reasonable inquiry, plaintiff lacks the knowledge or information sufficient to admit or deny going to school as a child.
> Q. Okay. So you never went to a school?
> A. The question is vague and unclear concerning what "school" means.
> Q. You don't know what school is, Mr. Tidwell?
> A. Plaintiff also objects to the extent this question calls for a legal conclusion.
> Q. I don't think that the term "school" calls for a legal conclusion, Mr. Tidwell. Can you tell me if you ever attended school?
> A. Plaintiff will rest on the above objection. Subject to and without waiver of said objection, plaintiff will assume school means getting up in the morning, your mother telling you get dressed, it's time to go to school.
> Q. Okay. How long did you do that for?
> A. Vague and unclear concerning what "how long" means.
> Q. Okay. Mr. Tidwell, based on your deposition -- or based on your deposition testimony just now, what your definition of school is, how far did you go in school?
> A. Plaintiff objects to this question as not proportionate to the needs of this case. Subject to and without waiver of said objection, plaintiff will assume knowledge sufficient to answer how long he went to -- how far he went in --

3

> Q. In school. Correct.
> A. Plaintiff can admit recalling 8th grade graduation.
> Q. Okay. Mr. Tidwell, that's what I'm talking about with those long objections. You can say that you have an objection and what your objection is, but then you do need to answer the question. I only have so long to take your deposition today, okay? So did you have any jobs prior to being incarcerated?
> A. Plaintiff objects to this question as not proportionate to the needs of this case. This case is about 16cv384. So -- whatever the rest I'm supposed to say.
> Q. Okay. So you made your objection. Now you still have to answer the question.
> A. Repeat the question.
> Q. Okay. Did you have any jobs prior to being incarcerated?
> A. Plaintiff -- plaintiff objects to this question as vague unclear, concerning "job."
> Q. Okay. So you've made your objection. What is your answer to the question?
> A. So we saying -- I don't understand what you mean by the word, "jobs."
> Q. Okay. So if you don't understand what I mean, I just need you to tell me that you don't understand what I'm asking. Do you not understand the word, "job"?
> A. After reasonable inquiry of plaintiff's recollection, plaintiff lacks the ESP to admit, understanding the state's attorney's definition of job.

(*Id*. at 30:17-33:9).

Plaintiff's obstruction continued initially for the first 30 pages of the deposition transcript. At that point, Magistrate Judge Reona J. Daly was contacted and held a conference with the parties on the record. (*Id.* at 41:19-49:6).

Judge Daly instructed Plaintiff that if he had a legitimate objection, he should state it clearly and concisely, and then answer the question. (*Id.* at 46:3-13, :6-7, 49:2-4). She warned him that his continued behavior and strategy could backfire if Defendants were to file a motion for sanctions. (*Id.* at 46:23-47:3). She also admonished Plaintiff about his tone and told him the deposition needed to be conducted in a polite, courteous, and professional manner. (*Id.* at 48:17-23).

Undeterred, Plaintiff persisted with his obstructive, disrespectful, and inappropriate behavior and commentary:

> "Subject to and without waiver of said objection, plaintiff would like Judge Staci M. Yandle to kiss his ass." (*Id.*, p. 6; depo at 21:16-18).

"Okay. You want to do it that way. So you want it your way. It's you, your way, or the highway. I see that now. Okay. Your way or the highway. I have no rights during this deposition. Its Ms. Tara Barnett's right way or no way. I probably should just go along with your little shenanigans." (*Id.*, p. 10; depo at 39:6-12).

"Whatever she [Judge Staci M. Yandle] did after I wrote, man, she must have been drunk." (*Id.*, p. 14, depo at 56:14-15).

"Plaintiff objects to this question as stupid." (*Id.*, p. 23; depo 89:11).

When asked "So how much – what are you asking for in this case?" Plaintiff responded "That Tara Barnett be fired. I can amend the complaint. I'm quite sure." (*Id.*, p. 25; depo at 100:3-6).

"Repeat that dumb question." (*Id.*, p. 26; depo at 103:12).

Plaintiff also refused to provide specific information relevant to his claim:

Q. I believe I asked you if Defendant Clendenin is one of the defendants you named in this case.
A. Is she?
Q. Yes.
A. That's the question?
Q. I'm asking you that.
A. What kind of question is that? You don't know why we here, or who we're here for?
Q. Mr. Tidwell, will you answer my question.
A. Will you answer my question?
Q. We're not here to take my deposition today.
A. I'm not giving you a deposition. You just asking me something about Clendin.
Q. I'm asking you if Jennifer Clendenin is one of the defendants you've named in this case?
A. So that's not your understanding that she is?
Q. I'm asking you if she is a defendant in this case?
A. Plaintiff objects to this request as irrelevant, not proportionate to the needs of this case of this instant suit, alleging claims during the June 2013 to June of 2016 time period. If Jennifer Clendenin worked between June of 2000 [sic] to June of '16 time period, let's assume she's one of the defendants.
Q. Mr. Tidwell, I don't want to assume anything about who the defendants are in this case. Is Jennifer Clendenin a defendant you named in this case?
A. Asked and answered. So I will object.
Q. Okay. Your objection has been noted on the record.
A. This request is overly broad --
Q. Mr. Tidwell. Your objection has been noted on the record. You can answer the question now.
A. So you want to me to give you an answer that you want to hear, not what I want

> to answer.
> Q. We discussed this at the beginning of the deposition. You're allowed to object to my questions, but then you still have to answer them.
> A. Let me get my objection on the record.
> Q. Okay.
> A. You asked for this. Not me. Plaintiff objects to this question as irrelevant, not proportionate to the needs of this case. This instant case alleges claims against the defendants, with an S, during the June of 2013 to June of 2016 time period. Hold on. Subject to and without waiver of said objection, if Jennifer Clendenin is on record as a defendant, plaintiff admits it.
> Q. Okay. Do you know, have you ever met Jennifer Clendenin?
> A. Yes.
> Q. Okay. What is your claim against Jennifer Clendenin?
> A. Oh, Lord. Repeat the question.
> Q. What is your claim against Jennifer Clendenin?
> A. Plaintiff objects to this question as overly broad, unduly burdensome. Subject to and without waiver of said objection, plaintiff has multiple claims against Jennifer Clendin, which are not on any of the pages before him.
> Q. Okay. So you don't know what your claim is against Ms. Clendenin?
> A. Plaintiff objects -- plaintiff objects to this question as overly broad, unduly burdensome. Subject to and without waiver of said objection, plaintiff, once again, admits to having several claims against Jennifer Clendenin, which are not before him at this time.
> Q. Okay. Mr. Tidwell, can you tell me any of your claims against Ms. Clendenin?
> A. Let me find something with her name on it. You said the claims against her, right?
> Q. Yeah. What are your claims against Ms.Clendenin?
> A. Okay. Can I read from one of my Defendant Clendin responses to plaintiff requests?

(*Id.* at 83:20-87:2).

> Q. …Let's move onto Morgan Teas. Is she also a defendant in this case?
> A. Do we have to do this again?
> Q. Mr. Tidwell, there's a question pending.
> A. Okay. Objection. Let me find my objections. Plaintiff objects to this question as unduly burdensome. This suit -- this instant suit's alleging claims against the defendants during the June 2013 to June of 2015 time period. Subject to and without waiver of said objection -- what's the name you just said?
> Q. I asked you about Ms. Teas.
> A. Subject to and without waiver of said objections, "I asked you about Ms. Teas," plaintiff will refer to the filed complaint, naming each of the defendants.
> Q. Okay. Have you ever met Ms. Teas?
> A. Plaintiff objects to this question as overly broad, unduly burdensome. Subject to and without waiver of said objection, after reasonable inquiry of plaintiff's recall

6

> of 2014, plaintiff lacks the knowledge or information sufficient to admit or deny meeting Morgan Teas.
> Q. Okay. Do you have a claim against Ms. Teas?
> A. Plaintiff objects to this question as stupid. Subject to and without waiver of said objection, this instant suit alleges claims against the defendants, with an S, during the June of 2013 to June of 2016 time period. After reasonable inquiry, plaintiff lacks the knowledge or information which is not before him in writing, and refers to the original document as sufficient to answer the question.
> Q. So from your recollection, you don't recall if you have any claims against Morgan Teas?
> A. I don't think that's how you asked me the first time.
> Q. Okay. So I'm asking for your recollection. Do you recall if you have any claims against Morgan Teas?
> A. After reasonable inquiry, plaintiff will rely on the document as filed to answer that question.

(*Id.* at 88:12-90:2).

> Q. Okay. All right. I'm going to move onto Defendant Gregson, who is another person that you named in this complaint. Do you know who Defendant Gregson is?
> A. I don't know him.
> Q. Okay. You don't know who Shane Gregson is?
> A. Based on my recollection of 2000 -- whatever year he was over there, he was a tall white guy who was dumb as a rock. Yet he worked in the law library.
> Q. Okay. So that's who you're alleging Defendant Gregson is?
> A. Yes. Until you show me a picture or something.
> Q. Okay. What are your claims against Defendant Gregson?
> A. This is your slick way or irking me, isn't it?
> Q. Mr. Tidwell, I'm not trying to upset you. I'm simply asking you what your claims are against the defendants in this case.
> A. Do you remember when you -- earlier in this thing, you had that big ol' book over there, saying you had everything in there?
> Q. I have a binder of documents. Yes, I do.
> A. Yeah. Binder. That's it. So Mr. Gretchen is nowhere in your binder.
> Q. Mr. Tidwell, I'm trying to get what your claims are from you. I want you to explain it to me. This is our chance to talk about these claims. I'm asking you what your claim is against Defendant Gregson?
> A. Let me see if I got anything on Gregson here.
> Q. Okay.
> A. Oh, excuse me. But I was trying to save you time. I found some stuff on Morgan Teas, but we're on Gregson.
> Q. Okay. We'll go back to Teas after you finish your claims against Gregson.
> A. Okay. This is what I have on Gregson.
> Q. Okay.
> A. What was your question?

7

> Q. What are your claims against Gregson.
> A. Okay. According to what I wrote, it's in my handwriting, and it looks like slick willy responses, which I still maintain is not their answers. This is some slick Philadelphia lawyer covering for them.
> …
> Q. I'm asking you to tell me what your claims are against Defendant Gregson.
> A. So you have all this, and you sitting here asking me questions.
> Q. I'm asking you what your claims are.
> A. And you have no idea what my claims are.
> Q. I'm asking you to explain what your claims are to me in your own words.
> A. According to this, it's in my handwriting.

(*Id.* at 90:3-91:22, 93:10-18).

> Q. Do you have proof of how many letters the defendants read?
> A. Repeat that dumb question.
> Q. Do you have any proof of letters that the defendant allegedly read.
> A. Other than my word, which is, do I have any proof that they read the letters.
> Q. Yes. That's what my question is.
> A. Okay. Here's my answer. Do they have any proof that they didn't read them?

(*Id.* at 103:10-19).

> Q. Do you remember when you were denied these envelopes, the five that you were going to send to attorneys?
> A. Plaintiff objects to this question as overly broad in time and scope. This instant suit alleges claims against the defendants, with an S, during the time of June 2013 to June 2016 time period. Whatever it was, it's somewhere in the record when this occurred. I don't know sitting here right now.

(*Id.* at 98:11-20).

> Q. Okay. As a result of being denied envelopes, did you ever miss any court deadlines for your cases?
> A. Yeah.
> Q. When was that?
> A. Oh. Plaintiff objects to this request as overly broad in time and scope. This instant suit alleges claims against the defendants during the June of 2013 to June 2016 time period. Is that good enough? Do you want me to go ahead?
> Q. I would like you to tell me about when you missed a court deadline because you weren't given an envelope. But I understand you have an objection, so I don't need you to restate the objection, if that's your objection.
> A. It's still my objection.
> Q. Okay. So you don't have another time period that you know of?
> A. Because you were talking about broad in time and scope. I do not remember what happened way back in 2014. But I'm quite sure it's in your big binder.

8

(*Id.* at 98:22-99:18).

Plaintiff's deposition lasted approximately three (3) hours, with the bulk of that time consumed by Plaintiff's shenanigans.

## Discussion

Rule 37(b)(2)(A)(v) authorizes a range of sanctions, including the dismissal of a lawsuit, for a party's failure to comply with a court's discovery orders. Under Rule 37(a)(4), evasive and incomplete answers are equivalent to no answer, and are tantamount to a failure to comply with court-ordered discovery.[1] *Ramirez v. T & H Lemont, Inc.*, 845 F. 3d 772, 775-776 (7th Cir. 2016). Additionally, district courts have inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before them. *Id.* at 776. "The exercise of either power requires the court to find that the responsible party acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake before it may choose dismissal as a sanction for discovery violations." *Id.*

Inherent authority sanctions are warranted if a party "has willfully abused the judicial process, or otherwise conducted litigation in bad faith." *Secrease v. W. & S. Life Ins. Co.,* 800 F. 3d 397, 401 (7th Cir. 2015). Courts may exercise this authority "not merely to remedy prejudice to a party, but also to reprimand the offender and to deter future parties from trampling upon the integrity of the court." *Salmeron v. Enterprise Recovery Sys., Inc.*, 579 F.3d 787, 797 (7th Cir. 2009). That said, such authority "should be used only when there is a record of delay [or] contumacious conduct... In deciding what measure of sanctions to impose, the district court should consider the egregiousness of the conduct in question in relation to all aspects of the judicial

---

[1] The Seventh Circuit broadly construes what constitutes a court order for purposes of imposing sanctions under Rule 79. *Ramirez*, 845 F.3d at 775, fn 3.

process." *Greviskes v. Universities Research Ass'n*, 417 F.3d 752, 759 (7th Cir. 2005) (citation and quotation marks omitted).

Outright dismissal is a "particularly severe sanction," so it must be exercised with "restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). "Although dismissal is indeed a hefty sanction, 'the most severe in the spectrum of sanctions provided by statute or rule must be available ... to penalize those whose conduct must be deemed to warrant such a sanction...." *Greviskes*, 417 F.3d at 759 (internal citation omitted). Dismissal is particularly appropriate where a litigant is proceeding in forma pauperis since imposing a fine is meaningless against an indigent party. *Ayoubi v. Dart*, 640 F. App'x. 524, 529 (7th Cir. 2016).

Plaintiff's deplorable behavior has been a continuing saga in this and other cases in this district and has previously resulted in the imposition of fines and a filing ban (Doc. 43), obviously to no avail. "There comes a point in every man's life when he has to say: 'Enough is enough." – Lance Armstrong https://www.brainyquote.com/topics. (Last accessed November 18, 2020). Mr. Tidwell has reached that point in this case; only the sanction of dismissal will send the message that such conduct will not be tolerated.

## Disposition

Defendants' Motion for Sanctions (Doc. 103) is **GRANTED**. This case is **DISMISSED with prejudice.** Defendants' Motion for Summary Judgment (Doc. 104) is **DENIED** as moot. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days

after the entry of the judgment, and this 28-day deadline cannot be extended.

If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  November 18, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**